#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RICHARD W. HAYES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 14-2540-JTM |
| ) | |
| **CCS FINANCIAL SERVICES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### **ORDER**

This matter is before the court on defendant's motion for leave for its corporate representative to appear telephonically at mediation (Doc. 12).  Plaintiff opposes defendant's request.  For the reasons stated below, defendant's motion shall be DENIED.

D. Kan. Rule 16.3(c)(2) requires attendance by a party or its representative with settlement authority at mediation, unless the court orders otherwise.  While the physical appearance of a party representative has not been the specific subject of opinion in this district, the topic has been discussed in the context of defining "settlement authority."[1]  Chief Magistrate Judge O'Hara in *Turner v. Young* notes that "'attendance' means to appear in person and participate directly, not to stand by or participate by phone."[2]  Magistrate Judge Kenneth G. Gale more recently discussed this issue in *Inter-Ocean*

---

[1] *See, e.g.*, *Booth v. Davis*, Case No. 10-4010-RDR-KGS, 2014 WL 4284925, at *1-2 (D. Kan. Aug. 29, 2014); *Inter-Ocean Seafood Trader, Inc. v. RF Int'l, Ltd.*, Case No. 12-2268-KGG, 2013 WL 441065, at *2 (D. Kan. Feb. 5, 2013); *Turner v. Young*, Case No. 01–2324–KHV-JPO, 205 F.R.D. 592, 595 (D. Kan. 2002).

[2] *Turner*, Case No. 01–2324–KHV-JPO, 205 F.R.D. at 595.

*Seafood Trader, Inc. v. RF Int'l, Ltd.*, where he opined, "The purpose of mediation is to engage the parties, not only the attorneys, in the mediation process. . . . The value of the mediation is for the mediator to engage the parties and counsel directly."[3]

More authoritative to this dispute is the Memorandum Order entered by Chief District Judge J. Thomas Marten on December 24, 2014 (Doc. 11). That order specifies unequivocally that "a person having actual settlement authority will be present at the conference. Only in the most compelling circumstances will the court forego the personal presence of the person with actual settlement authority." Here, defendant has offered only the travel costs and lost work attributable to his attendance at mediation as burdensome. The court finds those to be the necessary costs of litigation and not the "most compelling circumstances" which might support remote attendance.

**IT IS THEREFORE ORDERED** that defendant's motion for leave for its corporate representative to appear telephonically at mediation (**Doc. 12**) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 30th day of January 2015.

s/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[3] *Inter-Ocean Seafood Trader, Inc.*, Case No. 12-2268-KGG, 2013 WL 441065, at *2.